Filed 12/20/22  P. v. Olson CA2/1
On transfer

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERICA DAWN OLSON,<br><br>    Defendant and Appellant. | B300206<br><br>(Los Angeles County<br>Super. Ct. No. YA018677) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Reversed and remanded with directions.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Charles S. Lee and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In our previous opinion, we affirmed the trial court's summary denial of defendant Erica Dawn Olson's petition for resentencing under Penal Code[1] former section 1170.95.[2]  We held Olson was ineligible for relief because the jury had found true a felony murder special circumstance indicating Olson was a major participant in a burglary and robbery who acted with reckless indifference to human life.  We rejected Olson's argument that the special circumstance finding was invalid under the Supreme Court's later decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522, concluding such a challenge must be brought through a petition for a writ of habeas corpus, not a resentencing petition under former section 1170.95.  Given Olson's statutory ineligibility for resentencing, we further held the trial court did not err by denying her petition without appointing counsel.

The Supreme Court granted review of our decision.  The high court subsequently decided *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which disapproved or reversed the case law upon which our decision relied.  The court directed us to vacate our opinion and reconsider the cause in light of this new authority.

---

[1]  All unspecified statutory references are to the Penal Code.

[2]  Olson's petition, and our prior opinion, were based on the original version of former section 1170.95, effective January 1, 2019.  (Stats. 2018, ch. 1015, § 4.)  Since that time, the Legislature has amended the statute (see Stats. 2021, ch. 551, § 2) and renumbered it as section 1172.6 (Stats. 2022, ch. 58, § 10).  In this opinion, reference to "former section 1170.95" is to the original 2019 version.

The Attorney General concedes, and we agree, that the denial of Olson's resentencing petition was improper under *Strong* and *Lewis*.[3]  We therefore reverse that denial and remand for further proceedings.

## BACKGROUND[4]

### 1.    Conviction, Direct Appeal, and Habeas Corpus Proceedings

In 1995, a jury convicted Olson of first degree murder and found true a special circumstance allegation that, with reckless indifference to human life, she was a major participant in the commission of a residential burglary and residential robbery that resulted in a person's death.  (See § 190.2, subd. (d).)  The jury also convicted Olson of burglary and two counts of robbery.  For the murder, the trial court sentenced Olson to life in prison without the possibility of parole.  In 1997, we affirmed the judgment on direct appeal.

In 2015, the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, in which the court clarified under what circumstances a defendant could be deemed a major participant in an underlying felony who acted with reckless indifference to human life.  (See *Strong*, *supra*, 13 Cal.5th at pp. 705–706.)  Thereafter, Olson filed a petition for writ of habeas corpus in the

---

[3]  Olson did not file a supplemental brief following the Supreme Court's remand.

[4]  The facts of Olson's underlying offenses are not relevant to our resolution of this matter, and we therefore do not summarize them.

3

trial court.[5] She argued that under *Banks*, the evidence at trial was insufficient to establish the felony murder special circumstance.

Upon reviewing the parties' filings, the trial court determined an evidentiary hearing was not necessary. In a written order, the trial court considered the *Banks* factors and stated, "In this court's opinion, [Olson] was a major participant in the crime," and "[h]er reckless indifference to her co-participants being in the process of killing during the events in the apartment, and in getting away, were greater than the actions of an ordinary aider and abettor to an ordinary felony murder." The trial court denied the habeas petition.

Olson's habeas petition, and the order denying it, did not address *Clark*, which the Supreme Court decided the same year Olson filed her petition. *Clark* further clarified the reckless indifference element of the felony murder special circumstance. (See *Strong*, *supra*, 13 Cal.5th at p. 706.)

After the trial court denied her habeas petition, Olson filed a habeas petition in this court, which we denied on December 22, 2016.

## 2. Petition for Resentencing

In 2018, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, "to amend the

---

[5] Notwithstanding Olson's efforts to obtain the pleadings or the trial court's order relating to the habeas petition, these documents were not included in the record on appeal. We obtained a copy of Olson's appellate habeas petition, which attached the traverse and the trial court's October 28, 2016 written order and minute order denying Olson's habeas petition.

felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e).) Senate Bill No. 1437 amended sections 188 and 189, and enacted former section 1170.95, which allowed persons to petition for resentencing if they no longer could be convicted of murder "because of changes to Section 188 or 189 made" under Senate Bill No. 1437. (Former § 1170.95, subd. (a).)

On May 10, 2019, Olson filed a petition under former section 1170.95 for resentencing relief. In her petition, she contended that "proper application of the new law to her case would mean that she could not be convicted of murder under the newly amended sections 188 or 189. This is because of the clarification of the applicable special circumstance provided by the court in *Banks* . . . reveals that there was insufficient evidence to support the jury finding that the special circumstance alleged in her case was true."

On May 24, 2019, the trial court summarily denied Olson's resentencing petition without appointing counsel or holding a hearing. The court found that "[t]he facts of the case [as summarized in the opinion from Olson's direct appeal], the jury finding as to the special circumstance allegation and the trial court's previous ruling on Habeas regarding the special circumstance allegation, supports the conclusion that [Olson] intended to kill, aid, abet, or assist the actual killer or killers in the commission of murder in the first degree, and or, was a major participant in the murder and acted with reckless indifference to

5

human life during the course of the murder." (Fn. omitted.) Thus, "[Olson's] murder conviction meets the requirements of the new provisions of [section] 189[, subdivision ](e). [¶] [Olson] is not entitled to relief under section 1170.95 as a matter of law." The trial court further found that Olson "has not alleged facts establishing an exception to the rule barring reconsideration of [habeas] claims previously rejected."

### 3. Appeal and Supreme Court Decision

Olson appealed the denial of her resentencing petition. Relying on our opinion in *People v. Galvan* (2020) 52 Cal.App.5th 1134, disapproved of by *Strong*, *supra*, 13 Cal.5th 698, we held that the true finding on the felony murder special circumstance established Olson was a major participant who acted with reckless indifference to human life, thus precluding relief under former section 1170.95. As we explained, "Olson cannot demonstrate the initial prima facie showing required under [former] section 1170.95, subdivision (a)(3), that she now could not be convicted of first or second degree murder because of the changes to section 188 or 189. A defendant may still be convicted of felony murder under amended section 189, subdivision (e), if she was a major participant who acted with reckless indifference to human life. (See § 189, subd. (e).) Thus, Olson's petition does not depend on Senate Bill No. 1437's changes to the felony murder doctrine. Rather, as in *Galvan*, her petition depends on 'the clarification of the requirements for a special circumstance finding in *Banks* and *Clark*.' [Citation.] The proper vehicle for such a challenge is a petition for writ of habeas corpus." (*People v. Olson* (Aug. 26, 2020, B300206) [nonpub. opn.], some italics omitted.)

6

Citing our opinion in *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, reversed by *Lewis, supra,* 11 Cal.5th 952, we further held that given Olson's statutory ineligibility for resentencing, the trial court did not err by summarily deciding the petition without appointing counsel. (*People v. Olson, supra,* B300206).)

The Supreme Court granted Olson's petition for review. The high court subsequently reversed our *Lewis* decision (*Lewis, supra,* 11 Cal.5th at p. 975), and issued *Strong,* which disapproved of *Galvan* (*Strong, supra,* 13 Cal.5th at p. 718, fn. 3). The court directed us to vacate our decision in the instant case and reconsider the cause in light of *Strong* and *Lewis.*

## DISCUSSION

We agree with the Attorney General's concession that, in light of *Strong* and *Lewis,* the trial court erred in summarily denying Olson's resentencing petition.

Former section 1170.95, as well as the current statute, provide that a petitioner may seek resentencing by filing a petition averring that the petitioner could not be convicted of murder (or, under the current statute, attempted murder or manslaughter) because of changes to the Penal Code enacted under Senate Bill No. 1437. (§ 1172.6, subds. (a), (b); former § 1170.95, subds. (a), (b).)

Both the former and current statutes require the trial court to appoint counsel for the petitioner and determine if the petition makes a prima facie showing for relief. (§ 1172.6, subds. (b)(3), (c); former § 1170.95, subd. (c).) Upon a finding the petitioner has made a prima facie showing of eligibility, both the former and current statute direct the trial court to issue an order to show cause. (§ 1176.2, subd. (c); former § 1170.95, subd. (c).) Unless the parties stipulate that the petitioner is eligible for relief, the

7

trial court shall then hold an evidentiary hearing to determine whether to vacate the conviction and resentence the petitioner. (§ 1176.2, subd. (d); former § 1170.95, subd. (d).)

The Courts of Appeal initially were split as to whether the trial court could make the prima facie determination under former section 1170.95, subdivision (c) before appointing counsel. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 543–544.) The Supreme Court resolved that split in *Lewis*, reversing our decision in that case and holding a petitioner is entitled to counsel "upon the filing of a facially sufficient petition." (*Lewis*, *supra*, 11 Cal.5th at p. 957.) "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*Ibid.*)[6] *Lewis* further held that when assessing whether the petition makes a prima facie showing of relief, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972.) Such determinations may be made only following an evidentiary hearing. (See *id.* at p. 971.)

The Supreme Court later held in *Strong* that a felony murder special circumstance finding "issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437." (*Strong*, *supra*, 13 Cal.5th at p. 710.) The court disapproved the reasoning of *Galvan* that a *Banks/Clark* challenge to a defendant's murder conviction is unrelated to changes to the Penal Code enacted

---

[6] This holding is codified in the current statute. (§ 1172.6, subd. (b)(3).)

under Senate Bill No. 1437.  (*Strong*, at p. 711.)  This is because it was only through Senate Bill No. 1437 that the *Banks*/*Clark* factors were applied to the elements of felony murder, as opposed to merely special circumstance findings.  (See *Strong*, at pp. 711–712.)  Further, the decisions in *Banks* and *Clark* "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue."  (*Strong*, at p. 717.)

In the instant case, the trial court denied Olson's resentencing petition without appointing counsel.  We affirmed on the basis that the pre-*Banks* felony murder special circumstance rendered Olson ineligible for relief, and further held the trial court properly could make that determination without appointing counsel.  Our prior holding is contrary to *Strong* and *Lewis*.

There is no alternative basis to affirm the trial court.  To the extent the trial court made its own factual determination that Olson was a major participant who acted with reckless indifference, this was improper under *Lewis* in the absence of appointment of counsel and an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972.)

The earlier denial of Olson's petition for a writ of habeas corpus is not a bar to resentencing relief.  As Olson argued in her original briefing, the summary denial of a habeas petition does not establish law of the case or have a res judicata effect on future proceedings.  (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6.)  The trial court relied upon the general rule that a court will not consider successive petitions for habeas corpus " ' "based upon grounds urged in a prior petition which has been denied." ' "  (*In re Reno* (2012) 55 Cal.4th 428, 455.)  Olson has

9

not filed a subsequent habeas petition, however, but a resentencing petition under former section 1170.95. Former section 1170.95, like the current statute, offers broader rights than a habeas corpus proceeding, including the right to counsel and an evidentiary hearing. We cannot conclude the rule barring subsequent habeas petitions bars an entirely different proceeding granting greater protections.[7]

 Accordingly, we conclude, as does the Attorney General, that Olson is entitled to the appointment of counsel and an evidentiary hearing. We express no opinion on how the trial court should rule at the evidentiary hearing.

---

[7] In the original briefing in this matter, the Attorney General agreed with Olson that the bar to successive habeas petitions did not apply to resentencing petitions under former section 1170.95.

## DISPOSITION

The order denying Erica Dawn Olson's petition under Penal Code former section 1170.95 is reversed, and the matter remanded.  The trial court is directed to appoint counsel and issue an order to show cause under subdivision (c) of section 1172.6.  The trial court shall then hold an evidentiary hearing under section 1172.6, subdivisions (d)(1) and (3), unless the parties waive the hearing and stipulate to Olson's eligibility for resentencing (§ 1172.6, subd. (d)(2)).

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

11